UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVE SEWELL, INC.,

    Plaintiff,

v.                                      Case No. 2:21-cv-753-SPC-NPM
                                              IN ADMIRALTY

POTENTIAL CLAIMANTS,

    Defendant.

---

**ORDER APPROVING AD INTERIM STIPULATION OF VALUE
AND DIRECTING ISSUANCE OF
<u>NOTICE AND INJUNCTION</u>**

A Complaint was filed on October 11, 2021, by Plaintiff[1] Steve Sewell, as Owner of a 36-foot Twin Vee Catamaran Hull Passenger Vessel bearing Hull Identification Number TVG36034E809 (the "Vessel"). The Complaint seeks exoneration from and/or limitation of liability under 46 U.S.C. § 30501 *et seq.* and pursuant to Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, together with the statutes supplemental thereto and amendatory thereof. Plaintiff contests its liability independently of the

---

[1] A party seeking exoneration from or limitation of liability in admiralty files a complaint and thereby commences a civil action as a plaintiff. *See* Fed. R. Civ. P. Supp. R. F. In orders, notices, pleadings, and other papers in this action, Hanson Marine should therefore be referred to as the Plaintiff rather than the "Petitioner."

limitation of liability claims under said Acts, Treaty or Code for any loss, damages, deaths, personal injuries, damage or destruction of property or other occurrences arising from the incident.[2] The incident occurred on or about July 1, 2021, in the area of Sanibel, Florida, as further described in Plaintiff's Complaint, and said Complaint also stating the alleged facts and circumstances on which such exoneration from or limitation of liability is claimed;

And Plaintiff having deposited with the Court as security for the benefit of Claims, an Ad Interim Stipulation of Value not less than or equal to the amount or value of its interest in the Vessel, as required by the rules of this Court and by law;

IT IS ORDERED AND ADJUDGED that the Ad Interim Stipulation for the value of Plaintiff's interest in the Vessel, for no more than the amount of $160,000, including interest at the rate of six percent (6%) per annum from date hereof, and filed herein by Plaintiff, be accepted as Ad Interim Stipulation for the purpose of this action and that it be approved as to form and quantum.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff and any Claimant who may properly become a party hereto may contest the amount of value of Plaintiff's interest in the Vessel as fixed in said Ad Interim Stipulation, subject to such increases or decreases in the amount of such Stipulation, together

---

[2] The Plaintiff is reminded that "[u]nless otherwise permitted by these rules, no party may submit a proposed judgment or other order without leave." Local Rule 3.01(f).

with adequate security, as the Court may from time to time order according to the rules and practices of this Court.

IT IS FURTHER ORDERED AND ADJUDGED that if the amount of the Ad Interim Stipulation is not contested by any Claimant herein, said Stipulation shall stand as a Stipulation for Value and an appraisal by a Commissioner will not be required.

NOW, THEREFORE, it is ordered that a Limitation Injunction and Notice issue out of and under the seal of this Court against all persons or entities claiming damage for any and all loss, destruction, damage, injuries, and/or death allegedly as a result of the occurrences and happenings recited in the Complaint, directing them to file their respective claims with the Clerk of this Court and to serve on or mail to the attorneys for Plaintiff copies thereof on or before **January 24, 2022**. All persons or entities so presenting claims and desiring to contest the allegations of the Complaint shall file an answer to the Complaint in this Court and shall serve on or mail to the attorneys for the Plaintiff copies thereof, or be defaulted.

IT IS FURTHER ORDERED that a public notice of the Limitation Injunction be given by publication as required by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, once each week for four successive weeks in "**The News-Press**," prior to the date fixed for the filing of claims in accordance with Supplemental Rule F.

No later than the date of the second weekly publication, a copy of said notice be mailed by Plaintiff to every person or entity known by the Plaintiff to have a claim against Plaintiff arising out of the incident set forth in the Complaint.

IT IS FURTHER ORDERED that the commencement or further prosecution of any action, suit or proceeding in any court whatsoever, and the institution and prosecution of any suits, actions or legal proceedings, of any nature or description whatsoever, in any court whatsoever, except in these proceedings, in respect to any claim arising out of, or connected with the incident set forth in the Complaint herein, be and the same are hereby **STAYED AND RESTRAINED** until the final determination of this proceeding.

IT IS FINALLY ORDERED that the service of this Order as a restraining order in this District may be made in the usual manner as any other district of the United States by delivery by the United States Marshal for such District of a certified copy of this Order on the person or persons to be restrained or to their respective attorneys, or alternatively, by mailing a conformed copy of it to the person or persons to be restrained or to their respective attorney.

**ORDERED** in Fort Myers, Florida on November 9, 2021.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE