UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVE SEWELL, INC.,

        Plaintiff,

v.

POTENTIAL CLAIMANTS,

        Defendant.

Case No. 2:21-cv-753-SPC-NPM
IN ADMIRALTY

**ORDER**

Before the court is a motion for entry of clerk's default (Doc. 34). Plaintiff[1] Steve Sewell, Inc., requests the court direct the clerk to enter a default against all non-appearing potential claimants except: Roy Bennett; Daniel Berry; Mark Firing; Joe Fowler; Vaughn Fowler; and Luis Nunez. (Doc. 34). No response was filed to the motion, and the response time has lapsed. For the reasons discussed below, the court grants the motion.

This action concerns an incident arising on July 1, 2021, in waters some forty to sixty nautical miles west of Sanibel, Florida, regarding physical injuries to passengers of and damages to a 2009 Grady White. (Doc. 1, pp. 1-2). On October

---

[1] A party seeking exoneration from or limitation of liability in admiralty files a complaint and thereby commences a civil action as a plaintiff. *See* Fed. R. Civ. P. Supp. R. F. In orders, notices, pleadings, and other papers in this action, Steve Sewell, Inc., should therefore be referred to as the plaintiff rather than the "petitioner."

11, 2021, plaintiff filed a petition for exoneration from or limitation of liability under 46 U.S.C. § 30501 *et seq*. and pursuant to Supplemental Admiralty Rule F. (Doc. 1).

On November 9, 2021, the court issued an order approving ad interim stipulation of value and directing issuance of notice and injunction. (Doc. 7). The court directed all claimants to file their claims or answers with the clerk of court by January 24, 2022, or be defaulted. (Doc. 7, p. 3). In its limitation injunction and notice, the court directed "all persons or entities claiming damage for any and all loss, destruction, damage, injuries, and/or death allegedly as a result of the occurrences and happenings recited in the complaint … to file their respective claims with the Clerk of this Court and to serve on or mail to the attorneys for Plaintiff copies thereof on or before January 24, 2022." (Doc. 7, p. 3).

Pursuant to Supplemental Rule F(4),[2] and Section 6(a)[3] of the Admiralty and Maritime Practice Manual, plaintiff filed a proof of publication of notice to claimants, indicating the clerk's notice was published in The News-Press, a daily-published newspaper in Fort Myers, Lee County, Florida, on the following dates: (1) December 8, 2021; (2) December 15, 2021; (3) December 22, 2021; and

---

[2] Supplemental Rule F(4) provides in part that the notice of claims "shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims."

[3] Section 6(a) of the Admiralty and Maritime Practice Manual, provides: "[t]he plaintiff must publish the notice in accord with the provisions set forth in Supplemental Rule F(4) and Section 1(e)."

(4) December 29, 2021. (Doc. 25-1). The notice stated that the failure to timely file a claim by January 24, 2022, will result in the claim being defaulted. (Doc. 8). The notice was timely mailed to counsel for all then-known claimants: Roy Bennett, Mark Firing, Daniel Berry and Joe Fowler; who, along with claimants Vaughn Fowler and Luis Nunez, subsequently joined this action before January 24, 2022. (*See* Doc. 35, p. 4). No other person or entity asserted a claim against Sewell on or before January 24, 2022.

Petitioner has complied with the Supplemental Rules for Certain Admiralty and Maritime Claims, the Federal Rules of Civil Procedure, and the Local Rules for the Middle District of Florida. Therefore, the court finds a clerk's default must be entered pursuant to Rule 55(a). Accordingly, the motion for entry of clerk's default (Doc. 34) is **GRANTED**, and the clerk is DIRECTED to enter a default against all persons who have not filed a claim or answer in this action, which excludes: Roy Bennett; Daniel Berry; Mark Firing; Joe Fowler; Vaughn Fowler; and Luis Nunez.

Within thirty-five (35) days after entry of a clerk's default, plaintiff must apply for a default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment. M.D. Fla. R. 1.10(c).

**ORDERED** on May 2, 2022.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE